**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| George H. Fallon Federal Building | ) | |
| 31 Hopkins Plaza, Suite 1432 | ) | |
| Baltimore, Maryland 21201 | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT AND JURY** |
| | ) | **TRIAL DEMAND** |
| **GREEN JOBWORKS LLC,** | ) | |
| 961 Mercantile Drive, Suite E | ) | |
| Hanover, Maryland 21076 | ) | |
| (Anne Arundel County) | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to

secure appropriate relief for three aggrieved persons who filed charges of discrimination and a

class of other female job applicants and employees who were adversely affected by such

practices.   As alleged with greater particularity below, Plaintiff U.S. Equal Employment

Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Green JobWorks

LLC has engaged, and continues to engage, in a pattern or practice of discrimination in hiring,

job assignments and assignment of job duties because of sex (female) in violation of Title VII.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)

and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3) & 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland and other jurisdictions.

PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3) & 2000e-6.

4.     At all relevant times, Defendant Green JobWorks LLC, a Maryland limited liability company, has continuously been doing business in the State of Maryland and County of Anne Arundel (Hanover), as well as other jurisdictions, and has continuously had at least 15 employees.

5.     Defendant employed more than 100 employees in at least 20 calendar weeks during each of calendar years 2016, 2017, 2018, 2019, 2020 and 2021.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) & (h).

ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Quandra Gaines,

Yolanda Jimenez de la Cruz and Denise Williams each filed charges of discrimination with the Commission alleging that Defendant violated Title VII.

8.      On September 30, 2020, the Commission issued to Defendant three (3) administrative Determinations finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the administrative Determinations.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On December 1, 2020, the Commission issued to Defendant three (3) Notices of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     Since at least in January 1, 2014, Defendant has engaged in unlawful employment practices at its Hanover, Maryland location and other business locations in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) & (a)(2).

14.     At all relevant times, Defendant has been owned and operated by Lazaro ("Larry") Lopez.

15.     Since at least January 1, 2014 and continuing to present, Lopez has regularly refused to hire female job applicants or other female job seekers for demolition and laborer positions or to assign/place female employees in such positions because of their sex, female.

16.     Since at least January 1, 2014 and continuing to present, Lopez has directed subordinate employees of Defendant to refuse to hire female job applicants or other female job seekers for demolition and laborer positions or to assign/place female employees in such positions because of their sex, female.

17.     Since at least January 1, 2014 and continuing to present, Lopez has regularly hired/assigned/placed workers with Defendant's business customers using sex-based criteria provided by the customer, and he has inquired of those customers whether they desired male or, alternatively, female workers for placement/assignment with their organizations.

18.     Since at least January 1, 2014 and continuing to present, other Defendant management and supervisory employees, including but not limited to Carrie Willemin, Defendant's Chief Operating Officer from March 2011 until at least late 2020, have also made sex-based job assignments for demolition, laborer and cleaning positions and have refused to hire female job applicants or other female job seekers or to assign/place female employees in demolition and general laborer positions because of their sex.

19.     Since at least January 1, 2014 and continuing to present, Defendant's employees responsible for communicating with job applicants and other job seekers and with employees about employment opportunities have stated expressly sex-based criteria for availability of jobs/assignments/placements, including making statements on multiple occasions to females who contacted Defendant about employment opportunities that Defendant was only seeking to hire men for certain positions and certain assignments to its business customers.

20.     On or about August 15, 2017, Denise Williams went to Defendant's business offices with her sister and nephew to complete the application process for a demolition position. Defendant required a drug test, and after Ms. Williams and her sister took the drug test, a

Defendant employee claimed that they both tested positive for a controlled substance. Defendant told them to come back in 30 days if they were still interested in applying.

21.     Ms. Williams and her sister disputed the results of the drug tests and demanded a second drug test.  Defendant eventually agreed to administer a second drug test to both women, which they passed, and both were subsequently hired.

22.     Prior to applying for the position with Defendant, Ms. Williams had demolition job experience and knew how to operate various demolition/construction equipment. However, Defendant did not allow Ms. Williams or any of the other female employees at the six jobsites where she worked to operate any demolition/construction equipment. Instead, Ms. Williams and the other female employees were relegated to other demolition tasks and clean up, which mostly consisted of managing the trash at the jobsites.

23.     On at least one occasion, Ms. Williams complained to a foreman about not being able to operate the equipment. The foreman, who upon information and belief was an ACECO employee, told Ms. Williams that Defendant wanted the work assignments to be that way.

24.     On or about October 5, 2017, Quandra Gaines went to Defendant's business offices to apply for a position.  While Ms. Gaines waited to submit an application, owner Larry Lopez appeared and asked Gaines about her qualifications for the job. She told him that she had just completed her certification in asbestos removal and lead abatement and that she was excited to learn more on the job. Lopez then told Ms. Gaines that as a woman, she would have to prove herself. He also told her that although women can use jack hammers, not to be surprised if the men at the job site gave her a broom.

25.     After Lopez left the waiting area, Defendant's receptionist handed Ms. Gaines an application form. She told Ms. Gaines that she needed a copy of her asbestos certification,

personal identification and other documentation before Gaines could complete her application. However, when Ms. Gaines handed the receptionist her certification, the receptionist would not take it.  Ms. Gaines then asked for her identification back and left the office.

26.     The reason that Ms. Gaines did not complete the application process was the aforementioned Defendant conduct, which deterred Gaines from further efforts to obtain employment with Defendant.

27.     On or about October 3, 2017, Yolanda Jimenez de la Cruz placed two phone calls to Defendant's offices to inquire about potential employment.  The first time she called, she spoke to Defendant employee Carlos Guzman. Guzman informed Jimenez de la Cruz that Defendant was "only hiring strong men and not women."

28.     Ms. Jimenez de la Cruz subsequently called Defendant's offices and spoke with Defendant's receptionist, Stephanie Ziolkowski, who stated to Jimenez de la Cruz words to the effect that Defendant was only hiring men for heavy demolition work.

29.     The aforementioned statements that Defendant made to Ms. Jimenez de la Cruz deterred her from further efforts to obtain employment with Defendant.

30.     On or about October 3, 2017, another female individual, an employee of Laborers International Union of North America (LIUNA) Local 11, placed a phone call to Defendant's offices and spoke with Ziolkowski. Ziolkowski stated to the female caller words to the effect that Defendant was only looking for male workers at that time because the only work that was available was heavy demolition and, in fact, Defendant was removing many female workers from their job assignments and replacing them with male workers.

31.     As part of, and as a consequence of, the foregoing course of Defendant conduct, Defendant has hired and/or assigned/placed female workers into demolition and laborer positions

at substantially lower rates relative to male workers while hiring and/or assigning/placing female workers into cleaning positions at substantially higher rates than male workers.

*Count I: Pattern or Practice of Sex Discrimination in Hiring and Job Placements/Assignments*

32. The Commission incorporates by reference the factual allegations set forth in Paragraphs 13 through 31, above.

33. Since at least January 1, 2014, Defendant has subjected a class of aggrieved female job applicants and other female job seekers for demolition and laborer positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their sex, female, in violation of Title VII.

34. Since at least January 1, 2014, Defendant has subjected a class of aggrieved female employees to an ongoing pattern or practice of discriminatory failure to provide such persons with job placements/assignments for demolition and laborer positions because of their sex, female, in violation of Title VII.

35. The effect of the unlawful employment practices identified in Paragraphs 13-34, above, has been to deprive Denise Williams, Quandra Gaines, Yolanda Jimenez de la Cruz, and a class of female job applicants, other female job seekers and female employees of equal employment opportunities and otherwise adversely affect their status as job applicants, potential job applicants and employees because of their sex, female.

36. The unlawful employment practices complained of in Paragraphs 13-34, above, were and are intentional.

37. The unlawful employment practices complained of in paragraphs 13-34, above, were and are done with malice or with reckless indifference to the federally protected rights of

Denise Williams, Quandra Gaines, Yolanda Jimenez de la Cruz, and a class of female job applicants, other female job seekers and female employees.

*Count II: Pattern or Practice of Sex Discrimination in Terms and Conditions of Employment*

38.     The Commission incorporates by reference the factual allegations set forth in Paragraphs 13 through 34, above.

39.     Since at least January 1, 2014, Defendant has subjected a class of aggrieved female employees to an ongoing pattern or practice of discriminatory assignment of work duties, namely, assignment of female workers on job sites to cleaning duties instead of equipment operation and other demolition and other work tasks because of their sex, female, in violation of Title VII.

40.     The effect of the unlawful employment practices identified in Paragraphs 13-34 and 38-39, above, has been to deprive Denise Williams, Quandra Gaines and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, job applicants or potential job applicants because of their sex, female.

41.     The unlawful employment practices complained of in Paragraphs 13-34 and 38-39, above, were and are intentional.

42.     The unlawful employment practices complained of in paragraphs 13-34 and 38-39, above, were and are done with malice or with reckless indifference to the federally protected rights of Denise Williams, Quandra Gaines and a class of female employees, job applicants and potential job applicants.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, including sex-discriminatory denial of hire, job assignment or work duty assignment; sex-discriminatory recruiting techniques; and any other employment practice that constitutes discrimination because of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Denise Williams by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D.     Order Defendant to make whole Quandra Gaines by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

E.     Order Defendant to make whole Yolanda Jimenez de la Cruz by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

F.     Order Defendant to make whole a class of aggrieved female job applicants, other aggrieved female job seekers, and aggrieved female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

      G.     Order Defendant to make whole Denise Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13-42, above, in amounts to be determined at trial.

      H.     Order Defendant to make whole Quandra Gaines by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13-42, above, in amounts to be determined at trial.

      I.     Order Defendant to make whole Yolanda Jimenez de la Cruz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13-42, above, in amounts to be determined at trial.

      J.     Order Defendant to make whole a class of aggrieved female job applicants, other aggrieved female job seekers, and aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13-42, above, in amounts to be determined at trial.

      K.     Order Defendant to make whole Denise Williams by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 13-42, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      L.     Order Defendant to make whole Quandra Gaines by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 13-42, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

M.      Order Defendant to make whole Yolanda Jimenez de la Cruz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 13-42, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

N.      Order Defendant to make whole a class of aggrieved female job applicants, other aggrieved female job seekers, and aggrieved female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 13-42, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

O.      Order Defendant to pay Denise Williams punitive damages for the malicious and reckless conduct described in Paragraphs 13-42, above, in amounts to be determined at trial.

P.      Order Defendant to pay Quandra Gaines punitive damages for the malicious and reckless conduct described in Paragraphs 13-42, above, in amounts to be determined at trial.

Q.      Order Defendant to pay Yolanda Jimenez de la Cruz punitive damages for the malicious and reckless conduct described in Paragraphs 13-42, above, in amounts to be determined at trial.

R.      Order Defendant to pay a class of aggrieved female job applicants, other aggrieved female job seekers, and aggrieved female employees punitive damages for the malicious and reckless conduct described in Paragraphs 13-42, above, in amounts to be determined at trial.

S.      Grant such further relief as the Court deems necessary and proper in the public interest.

11

T.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL
WASHINGTON, D.C.

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

<u>/s/(by RLP with permission of Debra Lawrence)</u>
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
Maryland Bar No. 04312
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
Telephone number: (410) 801-6691
Facsimile number: (410) 962-4270
E-mail: debra.lawrence@eeoc.gov


__/s/_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
Telephone number: (410) 801-6714
Facsimile number: (410) 962-4270
E-mail: ronald.phillips@eeoc.gov

/s/ (by RLP with permission of Megan Block)
MEGAN M. BLOCK
TRIAL ATTORNEY
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, Pennsylvania 15222
Telephone number: (412) 588-6934
Facsimile number: (412) 395-5749
E-mail: megan.block@eeoc.gov