**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-1743 |
| GREEN JOBWORKS, LLC, | * | |
| Defendant, | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

In this employment discrimination action, the Equal Employment Opportunity Commission ("Commission" or "EEOC") filed a two-count complaint against Defendant Green JobWorks ("GJW" or "Defendant") alleging that it has discriminated on the basis of sex in hiring and job assignments in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1), 2000e-5(f)(3), 2000e-6. (Compl., ECF No. 1.) Specifically, the EEOC charges that GJW intentionally engaged in a pattern or practice of employment discrimination against female job applicants and employees in two ways: (1) by failing to hire females for demolition and laborer positions; and (2) by assigning female employees to cleaning duties instead of equipment operation and other demolition work. (*Id.* ¶¶ 33-34, 39.) The EEOC requests an injunction and compensatory damages. (*Id.* ¶¶ A–T.) Now pending is GJW's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 8). The parties' submissions have been reviewed and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is construed as a Motion to Dismiss (ECF No. 8) and is DENIED.

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff, the Equal Employment Opportunity Commission, is an Agency of the United States charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* (Compl. ¶ 3.) Defendant, Green Jobworks, is a limited liability company owned by Lazaro Lopez that conducts business in the State of Maryland. (*Id.* ¶¶ 4, 14.) GJW contracts with businesses to provide temporary staffing for projects that involve cleaning, demolition, and asbestos abatement. (Def.'s Mem. Supp. 2, ECF No. 8-1.)

The EEOC alleges that, since at least January 1, 2014, GJW has engaged in unlawful employment practices in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1)–(2). (Compl. ¶ 13.) More specifically, the EEOC claims that GJW has hired and assigned female workers into demolition and laborer positions at substantially lower rates than male workers, while hiring and assignment female workers into cleaning positions at substantially higher rates than male workers. (*Id.* ¶ 31.) Additionally, the Commission alleges that Lopez "inquired of his customers whether they desired male or, alternatively, female workers" and made hiring and assignment decisions using the "sex-based criteria provided by the customer." (*Id.* ¶ 17.) The EEOC seeks an injunction enjoining Defendant from engaging

2

in sex discrimination, as well as appropriate back pay and other compensatory damages for the aggrieved individuals. (*Id.* ¶ A–T.)

These allegations arise out of three individual charges of discrimination filed with the EEOC alleging that GJW violated Title VII. (*Id.* ¶ 7.)[1] First, Denise Williams alleged that, on or about August 15, 2017, she, her sister, and her nephew sought employment at GJW. (*Id.* ¶ 20.) Ms. Williams and her sister initially failed the required drug test, but after disputing the results, they passed a second test and obtained employment with GJW. (*Id.* ¶¶ 20–21.) During her employment, Ms. Williams alleged that although she had prior experience in demolition and knew how to operate the equipment, Defendant "did not allow Ms. Williams or any of the other female employees at the six jobsites where she worked to operate any demolition [or] construction equipment." (*Id.* ¶ 22.) When Ms. Williams complained to a foreman about not being able to operate equipment on the jobsite, the foreman allegedly said that GJW "wanted the work assignments to be that way." (*Id.* ¶ 23.)

Second, Quandra Gaines alleged that she sought employment with GJW on or about October 5, 2017. (*Id.* ¶ 24.) During her interview, Mr. Lopez asked her about her qualifications, to which she responded that she had a certification in asbestos removal and lead abatement. (*Id.* ¶ 24.) In response, Mr. Lopez reportedly told Ms. Gaines that "as a woman, she would have to prove herself" and that "although women can use jack hammers, [she should not] be surprised if the men at the job site gave her a broom." (*Id.*) The receptionist allegedly told Ms. Gaines that she would have to submit her certification, but when Ms. Gaines handed her the document, the receptionist refused to accept it. (*Id.* ¶ 25.) Ms. Gaines did not complete the

---

[1] Each charge was filed more than thirty days before the EEOC brought this Complaint. (Compl. ¶ 7.)

application process, and alleged that she was deterred from further efforts to obtain employment with GJW because of this conduct. (*Id.* ¶ 26.)

Third, Yolanda Jimenez de la Cruz alleged that on or about October 3, 2017 she called Defendant's office about employment opportunities. (*Id.* ¶ 27.) According to the Complaint, employee Carlos Guzman informed Ms. Jimenez de la Cruz that GJW was "only hiring strong men and not women." (*Id.* ¶ 27.) During a subsequent phone call, GJW's receptionist Stephanie Ziolkowski told Ms. Jimenez de la Cruz that GJW was "only hiring men for heavy demolition work." (*Id.* ¶ 28.) As a result, Ms. Jimenez de la Cruz claims she was deterred from pursuing employment at GJW. (*Id.* ¶ 29.)[2]

On September 20, 2020, after reviewing the charges of discrimination, the Commission issued three administrative determinations finding reasonable cause to believe that GJW violated Title VII. (*Id.* ¶ 8.) The EEOC invited Defendant to participate in informal methods of conciliation to eliminate the unlawful employment practices and provide appropriate relief to the complainants. (*Id.*) After engaging in communications with the Defendant about remedial efforts, the Commission determined that they were unable to secure an acceptable conciliation agreement with GJW. (*Id.* ¶¶ 9–10.) On December 1, 2020, the EEOC issued three Notices of Failure of Conciliation to Defendant. (*Id.* ¶ 11.) On July 13, 2021, the EEOC filed the operative Complaint on behalf of the three females who filed charges of discrimination, as well as "a class of other female job applicants and employees who were

---

[2] In addition to these individuals' claims, the EEOC alleges that Ms. Ziolkowski informed another female caller that GJW "was only looking for male workers at that time because the only work that was available was heavy demolition and, in fact, Defendant was removing many female workers from their job assignments and replacing them with male workers." (*Id.* ¶ 30.)

adversely affected" by the alleged discriminatory practices. (*Id.* at 1.) On September 13, 2021, GJW filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment. (ECF No. 8.) Defendant argues that the EEOC failed to state a claim for employment discrimination under Section 707 of Title VII. (Def.'s Mem. Supp. 8–15, ECF No. 8-1.) GJW also invokes the doctrine of laches. (*Id.* at 20–23.)[3]

This motion is now pending.

### STANDARD OF REVIEW

When a defendant seeks dismissal, or, in the alternative, summary judgment, the Court may use its discretion, under Rule 12(d), to determine whether to consider matters outside the pleadings. *See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd sub nom., Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty.*, 684 F.3d 462 (4th Cir. 2012). Pursuant to Rule 12(d), "[w]hen matters outside the pleadings are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(b)).

The United States Court of Appeals for the Fourth Circuit has held that a motion to dismiss may be converted to a motion for summary judgment when two requirements are met: (1) the "parties [must] be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment" and (2) "the parties 'first [must] be afforded a

---

[3] GJW also argued that the complaint should be dismissed because the EEOC failed to adhere to its statutory duty to engage in good faith conciliation efforts before filing this complaint and contended that the alleged acts that occurred outside of Title VII statute of limitations were time-barred. (Def.'s Mem. Supp. 15–20.) However, GJW abandons these arguments based on the EEOC's concession not to pursue claims that occurred outside of the statute of limitations for which the Defendant alleged it had no opportunity to conciliate. (Pl.'s Resp. 8–11, ECF No. 13; Def.'s Reply 21–22, ECF No. 20.)

reasonable opportunity for discovery.'" *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). When the motion for dismiss is captioned as a motion for summary judgment in the alternative and matters outside of the pleading are submitted, the parties are deemed to have sufficient notice. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Nevertheless, a party may oppose conversion "on the grounds that more time was needed for discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). In this case, the EEOC has filed a Rule 56(d) Motion to Deny or Defer Ruling on Summary Judgment and to Permit Discovery. (ECF No. 22.) Accordingly, this Court shall address the instant motion as a Motion to Dismiss and will not consider any matters outside of the pleadings.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550

U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). Additionally, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012).

## ANALYSIS

Through the operative Complaint, the EEOC asserts claims pursuant to Section 706, 42 U.S.C. § 2000e–5, and Section 707, 42 U.S.C. § 2000e–6, of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et* seq. Title VII provides that no employer may "fail or refuse to hire . . . or otherwise [] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Sections 706 and 707 are enforcement provisions that authorize the EEOC to bring a civil action against an employer for Title VII violations. Section 706 refers to the EEOC's authority "to prevent any person from engaging in any unlawful employment practice." 42 U.S.C. § 2000e–5(a). Section 707 provides the EEOC with the authority to bring a civil action against any person or groups of persons that it has reasonable cause to believe "is engaged in a pattern or practice" of discrimination. 42 U.S.C. § 2000e–6. Both Sections permit the Commission to seek equitable relief. *See EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 589 (D. Md. 2014).[4] Additionally, actions brought pursuant to Section 706 allow

---

[4] GJW argues that although the Complaint is brought under Sections 706 and 707 of Title VII, the EEOC only asserts § 707 claims. (Def.'s Mem. Supp. 8.). Although § 706 and § 707 are subjected to different legal frameworks, this Court has held the EEOC's enforcement authority to pursue claims under a pattern-or-

the EEOC to obtain compensatory and punitive damages for employees subject to Title VII

violations. 42 U.S.C. § 2000e–5(e)(3)(B); *see also* 42 U.S.C. § 1981a.

The EEOC alleges that "[Defendant] has engaged, and continues to engage, in a pattern

or practice of discrimination in hiring, job assignments, and assignment of job duties because

of sex (female) in violation of Title VII." (Compl. 1, ¶ 13.)  Count I alleges that GJW engaged

in a pattern or practice of sex discrimination in hiring, job placements, and job assignments.

(Compl. ¶¶ 32–42.) Count II alleges that GJW engaged in a pattern or practice of sex

discrimination in the terms and conditions of employment. (*Id.* ¶¶ 38–42.) GJW responds by

attacking the sufficiency of the Complaint and invoking the doctrine of laches. (Def.'s Mem.

Supp. 8–15, 20–23.)

## I.       Failure to State a Claim

The EEOC seeks equitable relief against GJW for engaging in a pattern or practice of

discriminating against individuals in their hiring and job assigning practices on the basis of sex,

in violation of Title VII. (Compl. 1.) GJW argues that Count I should be dismissed because

the EEOC has failed to allege facts sufficient to demonstrate more than a few isolated

discriminatory acts. (Def.'s Mem. Supp. 9.) GJW contends that Count II should be dismissed

because the EEOC has failed to state any facts demonstrating discrimination in GJW's terms

and conditions of employment. (*Id.* at 15.)

"There is no heightened pleading standard in employment discrimination cases."

*Performance Food Grp.*, 16 F. Supp. 3d at 590. The Supreme Court has held that "an employment

---

practice framework is not limited to its authority in § 706. *See Performance Food Grp.*, 16 F. Supp. 3d at 589
(declining to dismiss the EEOC's § 706 claim but noting that the Court would reconsider its holding when
making determinations about the individual claims if circumstances warrant) (citing *Serrano v. Cintas Corp.*, 699
F.3d 884, 894–96 (6th Cir. 2012).

discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510, 515 (2002); *see also Performance Food Grp.*, 16 F. Supp. 3d at 590 ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a compliant in an employment discrimination [need] not contain specific facts establishing a prima facie case of discrimination." (quoting *Reed v. Airtrain Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008))). However, the plaintiff must "allege facts to satisfy the elements of a cause of action created by th[e] statute." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015); *see Miller v. Md. Dep't Nat. Res.'s*, 813 Fed. App'x. 869 (4th Cir. June 12, 2020). Accordingly, to survive a motion to dismiss, a plaintiff in an employment discrimination case must allege sufficient facts to state a plausible claim of discrimination under Title VII.

There are two methods for proving intentional sex discrimination under Title VII. First, the plaintiff may offer "'direct or indirect evidence' of discrimination under 'ordinary principles of proof.'" *Brown v. Harford Bank*, No. ELH-21-0096, 2022 WL 657564, at *9 (D. Md. Mar. 4, 2022) (quoting *Burns v. AAF-McQuay, Inc*, 96 F.3d 728, 731 (4th Cir. 1996)) (citation omitted). The plaintiff's second avenue is to utilize the burden-shifting framework set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802–05 (1973); *see also Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) ("It is left to the plaintiff's discretion whether to proceed by direct and indirect evidence [of discrimination] or by mean[s] of the *McDonnell Douglas* burden-shifting framework."). Under the first method, a plaintiff must provide "'evidence of conduct or statements that both reflect directly the alleged discriminatory

attitude and that bear directly on the contested employment decision.'" *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999) (quoting *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir. 1995)). Plaintiff is not obligated to make out a prima facie case for discrimination. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 n.4 (4th Cir. 2005). Alternatively, the second method requires that the plaintiff first establish a prima facie case of discrimination under the *McDonnell Douglas* framework. 411 U.S. at 802.[5] In this case, the EEOC chose the first avenue of proof and alleged direct evidence of a pattern or practice of sex discrimination to plausibly state a claim for relief.

*E.E.O.C. v. Performance Food Group, Inc*, 16 F. Supp. 3d 584 (D. Md. 2014) illustrates that direct evidence of discrimination is sufficient to state a claim. *See* 16 F. Supp. 3d. at 590. In *Performance Food Group*, this Court addressed a motion to dismiss a complaint "[a]lleging an ongoing pattern or practice of sex discrimination for failing to hire a class of female applicants" for certain positions and for failing "to promote a female employee . . . to a supervisory position because of her sex." *Id.* at 586. To support its claim, the EEOC alleged five instances where higher-level employees made comments to female applicants that they should not waste any time applying because Defendant would not hire females. *Id.* at 587–88. In addition, employees made comments that Defendant did not want women working in the warehouse or operating equipment, and the EEOC alleged broadly that there was a "statistically

---

[5] The Fourth Circuit has explained that "[a]bsent direct evidence, the elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 (4th Cir. 2004)), *aff'd* 132 S. Ct. 1327 (2012). These elements may change depending on a case's "differing factual situations." *See E.E.O.C. v. Sears Roebuck & Co.,* 243 F.3d 846, 851 n.2 (4th Cir. 2001) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 n.13 (1973)).

significant shortfall of female operatives" across the Defendant's warehouse. *Id.* at 588. This Court concluded that the EEOC had plausibly alleged direct evidence that "constituted a directive to managers to favor males and to discriminate against females in hiring" that was sufficient to survive a motion to dismiss. *Id.* at 590. In light of this direct evidence, the Court reiterated that the EEOC was not required to include specific facts establishing a prima facie case of discrimination. *Id.*

In this case, the EEOC has alleged "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Brinkley*, 180 F.3d at 607 (quoting *Fuller*, 67 F.3d at 1142). The EEOC provided evidence that on four different occasions, GJW employees made comments to female job applicants indicating that Defendant would not hire females and did not want female employees operating equipment on job sites. (Compl. ¶¶ 23, 27, 30.) As a result, the EEOC alleges that the Defendant has hired and assigned female workers to demolition and laborer positions at a lower rate relative to male workers. (*Id.* ¶ 31.) These comments, like those at issue in *Performance Food Group*, are direct evidence of discrimination—taken as true, they are sufficient to state a plausible claim of a pattern or practice of sex discrimination.

GJW contends that the EEOC's allegations are too discrete to plausibly indicate a pattern or practice of refusing to hire females or refusing to place females in demolition and labor assignments. (Def.'s Mem. Supp. 11.) GJW argues that, to state a pattern or practice claim, the EEOC must meet the standard set forth in *International Board of Teamsters v. United States*, 431 U.S. 324 (1977), which requires "more than a mere occurrence of isolated or accidental or sporadic discriminatory acts." 431 U.S. at 336. This argument is unavailing.

"Pattern or practice" is not a separate legal claim, but rather an evidentiary framework with which a plaintiff may prove discrimination. *See Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 183–84 (3d. Cir. 2009) (holding the district court erred in using "pattern or practice" elements to define a discrimination claim); *see also, e.g., Serrano*, 699 F.3d at 898 ("*Teamsters* provides an evidentiary framework pursuant to which the EEOC may seek to prove its allegations of intentional discrimination, not an independent cause of action.") (citing *Hohider*, 574 F.3d at 183); *E.E.O.C. v. PBM Graphics, Inc.*, 877 F. Supp. 2d 334, 343 (M.D.N.C. 2012) ("A pattern or practice case is not a separate and free-standing cause of action . . . ." (quoting *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 355 (5th Cir. 2001) (alteration omitted)). At the motion to dismiss stage, GJW need only state a plausible claim for relief under Title VII. *See McCleary-Evans*, 780 F.3d at 585. Direct evidence of discrimination is sufficient to carry this burden. *See Performance Food Group, Inc*, 16 F. Supp. 3d at 590.

GJW also argues that the Complaint should be dismissed because it "lacks *any* examples of purported discrimination in terms and conditions," and "Plaintiff has not identified any specific, objectively verifiable company-wide policy or practice of discrimination." (Def.'s Mem. Supp. 10, 15.) However, GJW provides no legal basis to support this claim. The EEOC is not required to plead the existence of an express policy to state a plausible claim of a pattern or practice of sex discrimination in GJW's terms or conditions of employment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986) ("[T]he language of Title VII is not limited to 'economic' or 'tangible' discrimination. The phrase 'terms, conditions, or privileges of employment' evinces a congressional intent to 'strike at the entire spectrum of disparate treatment of men and women' in employment." (quoting *Los Angeles Dept. of Water and Power*

*v. Manhart*, 435 U.S. 702, 707 n.13 (1978))). Here, as in *Performance Food Group*, Plaintiff has plausibly alleged several comments to female applicants as direct evidence of discrimination, suggesting "a directive to favor males and to discriminate against females." 16 F. Supp. 3d at 590. Taking these factual allegations in the Compliant as true, this Court concludes that the EEOC has plausibly pled that GJW engaged in a pattern or practice of sex discrimination.

## II.     Doctrine of Laches

Defendant contends that, even if the EEOC has stated a plausible claim for relief, the Complaint should be dismissed under the doctrine of laches because "Plaintiff unreasonably delayed in filing suit and Defendant has been unfairly prejudiced as a result thereof." (Def.'s Mem. Supp. 20.) "Laches is one of the affirmative defenses generally allowable under Fed. R. Civ. P. 8(c)." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). However, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007). Furthermore, laches only applies "where the claims presented may be characterized as equitable, rather than legal." *White*, 909 F.2d at 102. A laches defense "'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121–22 (2002) (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)) (internal quotation marks omitted).

Defendant urges dismissal of the entire Complaint under the doctrine of laches. (Def.'s Mem. Supp. 20.) Defendant contends that the EEOC unreasonably delayed the filing of its Complaint for four years. (*Id.*) As a result, Defendant claims it has suffered prejudice because

some witnesses are no longer employed with GJW and others are unable to remember the conversations they had with applicants four years ago. (*Id.* at 22–23.) Defendant's invocation of laches at the motion to dismiss stage fails for two reasons. First, the EEOC asserts both equitable and legal claims, and the doctrine of laches is inappropriate as to those legal claims. *See White*, 909 F.2d at 102. Second, to the extent that Defendant may invoke the doctrine of laches, this Court cannot reach the merits of the defense at the motion to dismiss stage. *Praxair*, 494 F.3d at 464. This Court need not address the reasonableness of the delay because any determination of prejudice that GJW may have suffered because of that delay is "best reserved for resolution at trial" after the facts have been fully developed. *E.E.O.C. v. Worthington, Moore & Jacob, Inc.*, 582 F. Supp. 2d 731, 737 (D. Md. 2008) (refusing to rule on whether defendant suffered prejudice from the EEOC's delay in bringing its sex discrimination as any decision "would rest solely on 'generalized assertions'" (quoting *E.E.O.C. v. Chesapeake & Ohio Ry. Co.*, 577 F.2d 229, 234 (4th Cir. 1978))). Accordingly, GJW's laches defense is unavailing at this early stage.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, (ECF No. 8.), is construed as a Motion to Dismiss, and is hereby **DENIED.**


Dated: April 25, 2022

_____/s/_____
Richard D. Bennett
United States Senior District Judge
