IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>*Plaintiff*,<br><br>v.<br><br>GREEN JOBWORKS, LLC,<br>*Defendant* | Civil Action No.<br>21-CV-1743-RDB |

**MEMORANDUM OPINION**

Pursuant to 28 U.S.C. § 636(b) & (d) and Local Rule of Civil Procedure 301, this case has been referred to the undersigned for resolution of post-judgment issues. ECF No. 59. Under Federal Rules of Civil Procedure 45(g) and 69(a)(2), Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), filed a motion to compel Lazaro Lopez ("Lopez") to produce documents in compliance with a subpoena served upon him in aid of post-judgment execution, ECF No. 58, and a memorandum in support, ECF No. 58-1 ("Pl.'s Mem."). The motion is unopposed. The Court finds that no hearing is necessary. Loc. R. 105.6. For the reasons that follow, the motion will be granted.

**I.    FACTS**

On March 16, 2023, Judge Bennett issued an order granting the EEOC's motion for default judgment against Defendant Green JobWorks, LLC and entered final judgment against Defendant for $2,692,265.08. ECF Nos. 54 & 55. At the time the Court entered judgment against Defendant, Defendant represented to the Court that it had discontinued operations and was essentially insolvent. *See* Mot. to Withdraw, ECF No. 46 ¶¶ 7-8; Lopez Affidavit, ECF No. 46-1 ¶¶ 4-6. As a result, the EEOC has not been able to collect on its judgment.

Lopez is the founder and owner of Defendant. Thus, via a subpoena issued on June 12, 2023, the EEOC sought post-judgment discovery from Lopez, to identify and locate any of Defendant's assets that could be used to satisfy the Court's judgment. Specifically, and as discussed further below, the subpoena commanded Lopez to produce financial documents from Defendant, Lopez, and related companies. ECF No. 58-2 at 8-13. The subpoena was personally served on Lopez on June 16, 2023. ECF No. 58-3 at 3. Lopez did not obey the subpoena or file any objections pursuant to Fed. R. Civ. P. 45(d)(2)(B).

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from any person" to aid in execution of a judgment. *See, e.g.*, *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Arg. v. NML Cap., Ltd.*, 573 U.S. 134 (2014) ("It is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets."). "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Arg.,* 573 U.S. at 138. "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

## III. DISCUSSION

The Court concludes that the subpoena seeks relevant information and will, thus, compel Lopez to respond to it. Specifically, the subpoena seeks documents showing the financial condition at the relevant time of Defendant as well as the financial condition of Lopez, Green Construction Services, LLC (of which Lopez is a principal), and Green CFUF Holdings (of

which Lopez is the director). *See* ECF No. 58-2 ¶¶ 12-23, 31-37.[1] These documents are relevant to the EEOC's collection efforts because they may identify assets that may be used to satisfy the judgment, and may indicate whether Defendant or Lopez fraudulently transferred assets between the companies he allegedly controls, or improperly disposed of any relevant property.

Moreover, Lopez has likely waived any objections to the Subpoena by failing to serve objections pursuant Federal Rule of Civil Procedure 45(d)(2)(B) or by filing a motion to quash. *See, e.g.*, *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (holding privilege objections to a subpoena must be raised within 14 days under Rule 45); *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996) (same).

### IV.   CONCLUSION

Because the subpoena seeks relevant information, the Court will grant the EEOC's motion to compel compliance with the subpoena.

An appropriate order follows.

Date:  January 9, 2024                    _____/s/_____
                                          Adam B. Abelson
                                          United States Magistrate Judge

---

[1] Paragraphs 24 through 30 of the Subpoena seek financial documents related to Green Construction Services Group. The EEOC is not currently seeking an order compelling compliance with that portion of the Subpoena. Pl.'s Mem. at 5 n.2.